IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES EX REL. TASHA D. FOUSHEE, M.D.<br><br>          PLAINTIFFS,<br><br>     v.<br><br>REDDY SOLUTIONS, INC. AND RAJASHAKHER P. REDDY, M.D.<br><br>          DEFENDANTS. | Civil Action No.<br><br>1:06-cv-2072-TWT |

**UNITED STATES' UNOPPOSED MOTION TO RE-OPEN CASE AND FOR ENTRY OF CONSENT JUDGMENT**

The United States of America, by Sally Quillian Yates, United States Attorney, and Sally B. Molloy, Assistant United States Attorney for the Northern District of Georgia, files this unopposed motion to re-open this case and for entry of a consent judgment. In support thereof, the United States shows as follows:

1. On June 15, 2011, the Court stayed this civil action until sixty (60) days after the completion of the related criminal proceeding, *United States v. Rajashakher P. Reddy, M.D.*, Criminal Case No. 1:09-cr-483-ODE-AJB. The Court further ordered that at the expiration of the sixty-day period, the United States should either file its Complaint or otherwise notify the Court of a proposed resolution in the case. [Doc. 29].

2. On July 7, 2011, following a two-week jury trial, Dr. Reddy was convicted on multiple counts of wire fraud, mail fraud, health care fraud, and one count of obstruction of justice. [Doc. 118, Case No. 1:09-cr-483-ODE-AJB]. On December 13, 2011, Dr. Reddy was sentenced to 54 months in prison. [Doc. 140, Case No. 1:09-cr-483-ODE-AJB].

3. On January 30, 2013, the Court directed the Clerk of Court to administratively close the case without prejudice to either party to move to reopen. [Doc. 31].

4. On August 16, 2013, the Eleventh Circuit reversed Dr. Reddy's conviction and sentence. [Docs. 198-199, Case No. 1:09-cr-483-ODE-AJB]. Since that time, the parties have been working towards a global resolution of Dr. Reddy's criminal, civil, and administrative liability.

5. On June 17, 2014, Dr. Reddy entered a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to Count 37 in the Second Superseding Indictment in Criminal Case No. 1:09-cr-483-ODE-AJB that charges a violation of Title 18, United States Code, Sections 1519 and 2, namely, obstruction of justice.

6. On July 16, 2014, the United States, the State of Georgia, the State of Alabama, the State of Idaho, Defendants Dr. Reddy and RSI, and the Relator entered into a settlement agreement to settle certain claims in the civil action defined in the Settlement Agreement as the "Covered Conduct." *See* Ex. 1. Specifically, the Covered Conduct is defined as "certain civil claims against

Defendants for causing RSI's clients to submit false or fraudulent claims to Medicare, TRICARE, Georgia Medicaid, Alabama Medicaid, and Idaho Medicaid for Reddy's professional fees for interpreting radiological images in cases where, unbeknownst to RSI's clients, Reddy did not conduct independent interpretations of the underlying radiological images during the period from June 1, 2006 through January 31, 2008." *Id.* at ¶ G.  The Defendants do not admit liability in the Settlement Agreement.  *Id.* at ¶ H.

7. Under the Settlement Agreement, Defendants agreed to pay to the United States, the State of Georgia, the State of Alabama, and the State of Idaho, collectively, the sum of $546,817.17 (the "Settlement Amount").  *See* Ex. 1, ¶ 1.  The Settlement Amount is broken down as follows:

· Federal Settlement Amount - $457,743.67 (Ex. 1, ¶ 3);

· Georgia State Settlement Amount - $57,308.43 (Ex. 1, ¶ 4);[1]

---

[1] Medicaid is a cooperative federal-state public assistance program under which matching funds are available to states that elect to pay for all or part of specified health services furnished to low-income individuals, among others.  In a False Claims Act case involving a settlement of Medicaid claims, like this one, both the federal government and respective state governments are entitled to a portion of the Medicaid settlement amount, depending on the federal government's level of contribution to the respective state's Medicaid program.

Here, the term "[State] Settlement Amount" refers to the state portion, or state share, of the Medicaid settlement amount for the respective state.  The Federal Settlement Amount includes the federal portion, or federal share, of the Medicaid settlement amounts for the States of Georgia, Alabama, and Idaho.  For these reasons, and even though the State of Georgia, the State of Alabama, and the State of Idaho are not named as co-plaintiffs in this Civil Action, it is appropriate

· Alabama State Settlement Amount - $25,534.14 (Ex. 1, ¶ 5); and

· Idaho State Settlement Amount $6,320.92 (Ex. 1, ¶ 6).

8. As part of the Settlement Agreement, Defendants agreed to the entry of a consent judgment against them in favor of the United States, the State of Georgia, the State of Alabama, and the State of Idaho in the amounts specified in paragraph 7, above. *See* Ex. 2.

9. Accordingly, the United States respectfully requests that the Court re-open the civil case and enter the Consent Judgment that has been executed by the parties in the form of Ex. 2. Counsel for the Relator and counsel for Defendants Dr. Reddy and RSI do not oppose the Government's motion.

This 22nd day of July, 2014.

                                             Respectfully submitted,

                                             SALLY QUILLIAN YATES
                                                *United States Attorney*
                                                600 U.S. Courthouse
                                                75 Spring Street SW
                                                Atlanta, GA 30303
                                                (404) 581-6000   fax (404) 581-6181

                                                /s/SALLY B. MOLLOY
                                                *Assistant United States Attorney*
                                                Georgia Bar No. 140816
                                                Sally.molloy@usdoj.gov

---

for the Court to enter judgment in favor of these states against Defendants as requested by the parties.

## Certificate of Compliance

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/SALLY B. MOLLOY
*Assistant United States Attorney*

## Certificate of Service

I served this document today by filing it using the Court's CM/ECF system, which automatically notifies the parties and counsel of record.

>Marlan B. Wilbanks
>
>W. Carl Lietz, III
>
>Paul S. Kish

July 28, 2014

>/s/ SALLY B. MOLLOY
>SALLY B. MOLLOY
>*Assistant United States Attorney*